Springer, C. L,
dissenting:
The lease was terminated at the time of the taking, and any rights or obligations under the lease, on the part of either lessor or lessee, “cease[d].” Section [1] is categorical: “If the whole of the premises should be taken ... the lease term shall cease as of *951 the date of taking.” When the “whole of the premises” was taken, it follows then, syllogistically, that the lease term ceased. There simply was no more lease after the taking. After the taking and cessation of the lease, all claims to condemnation damages vested in the owner of the premises alone.
That the parties should provide in their lease agreement for cessation and termination of the lease upon a stated event (taking of the whole) is to me irrefutable evidence of the parties’ intention. The clearly-expressed intention of the parties was that upon the taking of the whole the lease was over, that, after that, the lessee had no property interest in the premises and that, accordingly, the lessee had no claim to a share in condemnation damages.
The question in this appeal is why parties who first agree that the lease should be ended upon any taking of the whole of the premises would also include a later provision for apportionment of condemnation damages for either “a taking of the whole of the premises or part of the premises.” The majority believes that some “effect” must be given to a provision that is manifestly inconsistent with the expressed intention of the parties, as earlier stated in the lease document. I do not. I say this because the lease “cease[d]” with the taking of the whole; and, consequently, the damages apportionment provisions must be seen as being inadvertent and unintended because they are totally unreconcilable with the parties’ previous, expressed intention to terminate the lease at the time of any eminent domain taking of the “whole.” The district court saw it this way; and I would affirm the district court’s judgment.